Filed 5/8/25  P. v. Prado CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337094 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA021216) |
| v. | |
| JAMES PRADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas Rubinson, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Chung L. Mar and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

_____

James Prado appeals from the denial of his motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to preserve evidence for a future youth offender parole hearing under Penal Code[1] section 3051, even though he is ineligible for relief under that section because he was 20 years old when he committed the crime and was sentenced to life without the possibility of parole (LWOP). He argues that the statute's denial of relief to young offenders sentenced to LWOP violates equal protection and constitutes cruel and unusual punishment. We reject these contentions and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

## I.     Facts[2]

In the early morning of March 26, 1990, appellant demanded money from Biviano Muñoz. When Muñoz refused, appellant shot him in the leg, causing him to fall. After searching his pockets, appellant shot Muñoz in the head, killing him. Appellant was 20 years old at the time.

A jury convicted him of first degree murder (§ 187) and attempted second degree robbery (§§ 667, 211), and found true the special circumstance that he committed the murder in the course of an attempted robbery (§ 190.2, subd. (a)(17)). Appellant was sentenced to life without the possibility of parole. His conviction was affirmed on direct appeal. (*People v. Prado*, *supra*, B085171.)

---

[1] Undesignated statutory references are to the Penal Code.

[2] These facts are drawn from the 1995 opinion affirming appellant's conviction on direct appeal. (*People v. Prado* (Oct. 3, 1995, B085171) [nonpub. opn.].)

## II.  Procedural Background

In March 2023, appellant requested a *Franklin* hearing based on *People v. Hardin* (2022) 84 Cal.App.5th 273, reversed by *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*), in which the Court of Appeal held that section 3051 violated equal protection to the extent it treated young offenders (18 to 25 years old) who were sentenced to LWOP differently from those sentenced to the functional equivalent of an LWOP.

In March 2024, our Supreme Court in *Hardin*, *supra*, 15 Cal.5th at page 864, reversed the appellate court, holding that the Legislature had a rational basis for treating these youth offenders differently.  Based on this holding, the trial court denied appellant's motion for a *Franklin* hearing.

## DISCUSSION

## I.  Section 3051

Section 3051 gives certain youth offenders the opportunity for parole in their 15th, 20th, or 25th year of incarceration, depending on the length of sentence they are serving for their "controlling offense."  (§ 3051, subds. (a)(1), (b)(1)–(4); *Franklin*, *supra*, 63 Cal.4th at p. 277.)

In 2017, the Legislature amended section 3051 to allow parole eligibility hearings for juveniles—but not young adult offenders—sentenced to LWOP.  (§ 3051, subd. (b)(4); Stats. 2017, ch. 684, § 1.5.)  The purpose of this amendment was to bring California into compliance with federal law articulating the constitutional limits on sentencing young offenders.  (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 394 (2017–2018 Reg. Sess.) Mar. 21, 2017.)  In *Miller v. Alabama* (2012) 567 U.S. 460 [132 S.Ct. 2455] (*Miller*), the Supreme Court held mandatory LWOP sentences for juveniles unconstitutional.  In *Montgomery*

*v. Louisiana* (2016) 577 U.S. 190 [136 S.Ct. 718] (*Montgomery*), the Supreme Court made retroactive the prohibition on mandatory LWOP sentences for juveniles. *Montgomery* provided that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." (*Montgomery*, at p. 212.) By amending section 3051, the Legislature sought "to remedy the now unconstitutional juvenile sentences of [LWOP]," without the need for "a resentencing hearing, which is time-consuming, expensive, and subject to extended appeals." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 394, *supra*, p. 3; *People v. Morales* (2021) 67 Cal.App.5th 326, 346–347 (*Morales*).)

In *Franklin*, *supra*, our Supreme Court held that defendants eligible for a youth offender parole hearing under section 3051 at some point in the future are entitled to an evidentiary hearing to preserve youth-related mitigation evidence. (*Franklin*, *supra*, 63 Cal.4th at pp. 283–284.) Thus, a defendant is entitled to a *Franklin* hearing only if he is entitled to a youth offender parole hearing under section 3051.

## II. Equal Protection

Appellant concedes his equal protection argument is foreclosed by *Hardin*, *supra*, 15 Cal.5th 834, and only asserts it on appeal "to exhaust his state court remedies for federal review." We agree that *Hardin* squarely rejected appellant's argument that treating youth offenders with LWOP sentences differently from those serving indeterminate life sentences violates equal protection. (*Hardin*, at pp. 839, 852–853.)

Appellant also alludes to an equal protection argument that *Hardin* did not address (although he includes it in the cruel and/or unusual punishment section of his brief)—namely, that

4

the Legislature acted irrationally in allowing juveniles sentenced to LWOP to obtain relief under section 3051 while denying relief to young adult offenders with LWOP sentences, even though neuroscience has shown that the brain continues to develop until the mid-20's. The weight of Court of Appeal precedent has rejected this argument, reasoning that our Legislature could rationally treat offenders differently depending on whether they were juveniles or adults. (E.g., *People v. Sands* (2021) 70 Cal.App.5th 193, 204; *In re Murray* (2021) 68 Cal.App.5th 456, 464; *Morales*, *supra*, 67 Cal.App.5th at p. 347; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196–197; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779; accord *Miller*, *supra*, 567 U.S. at p. 471 ["children are constitutionally different from adults for purposes of sentencing"]; *Roper v. Simmons* (2005) 543 U.S. 551, 574 [125 S.Ct. 1183] ["The age of 18 is the point where society draws the line for many purposes between childhood and adulthood"].) We agree with these cases.

## III.   Cruel and/or Unusual Punishment[3]

Appellant does not argue that his LWOP sentence is inherently cruel and/or unusual; rather, he argues that his sentence became cruel and/or unusual once the Legislature granted other similar defendants relief under section 3051. This appears to be an equal protection argument dressed up in Eighth Amendment clothing.

---

[3] As the People point out, appellant forfeited this claim by failing to raise it with the trial court. (*People v. Nolasco* (2021) 67 Cal.App.5th 209, 217.) We nonetheless exercise our discretion to address the challenge on its merits. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)

To the extent appellant is also making a more typical cruel and/or unusual punishment argument, it also lacks merit. Both the federal prohibition on "cruel *and* unusual punishment" contained in the Eighth Amendment and the state prohibition on "cruel *or* unusual punishment" enshrined in our Constitution (Cal. Const., art. I, § 17, italics added) bar sentences that are "grossly disproportionate" to the crime or so disproportionate " ' " ' "that it shocks the conscience and offends fundamental notions of human dignity." ' " ' " (*Ewing v. California* (2003) 538 U.S. 11, 20 [123 S.Ct. 1179]; *People v. Boyce* (2014) 59 Cal.4th 672, 719.) Applying this principle, our Supreme Court held in *People v. Flores* (2020) 9 Cal.5th 371, 429, that a death sentence was not unconstitutionally disproportionate for a homicide committed by 18- to 21-year olds. If a death sentence for young adults in this age range is not disproportionate, then neither is a sentence of LWOP for young adults in the same age. (Accord, *In re Williams* (2020) 57 Cal.App.5th 427, 439.)

6

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:


ASHMANN-GERST, J.


RICHARDSON, J.

7